IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KAMAL K. ROY** | § | |
| | § | |
| **V.** | § | A-07-CA-957 SS |
| | § | |
| **ASSOCIATION TO DEMAND** | § | |
| **EQUITABLE. JUSTICE ET AL.** | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit (Clerk's Doc. No. 1). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2). After reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) the Court finds it should be dismissed as frivolous.

### I. ANALYSIS

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* suit if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial.*"* *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *see also Banks v. Gillie*, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003) (complaint is malicious when it " 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting *Pittman v. Moore*, 980 F.2d at 994-95).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quotinq *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the case now before the Court, an illegible Complaint scattered over 10 handwritten pages, and another 90 or so attached pages, Plaintiff Roy, aka Joseph Geronimo, makes various claims

against various organizations including: "the Association to Demand Equitable Judicial System;" the "judges in the federal and state judiciary;" "the U.S. Govt. Washington D.C.;" and the "World Religion School of University and Gods." Roy has previously filed suit in the Austin Division of the Western District of Texas. *See Roy v. State of New York*, 1:06-CV-008-SS (W.D. Tex. 2006). That case was dismissed as frivolous in an order dated January 26, 2007. He has also filed numerous lawsuits throughout the United States and its territories under the names of Roy and Joseph Geronimo, Jr., as well as entities with whom he is affiliated (i.e., Jungle Democracy, Handicap Interests International, Reforms International).[1]

The Complaint is a rambling discourse. It makes vague references to discrimination, civil rights violations, deprivation of unemployment benefits, corruption, the failure of democratic societies and God's role therein, irregularities in the New York and United States' judicial systems, failure to

---

[1]*See Roy v. United States,* Civ. Action No. 06-685-SLR (D. Del. closed April 24, 2007); *Jungle Democracy v. United States of America*, 06-CV-503-SLR (D. Del. closed Sept. 13, 2006); *Geronimo v. State of New York*, 1:06-CV-07-JLR (D. Guam closed Mar. 16, 2006); *Jungle Democracy v. No Named Defendants*, 1:06-CV-676-ZLW (D. Colo. closed June 13, 2006); *Jungle Democracy v. Bush*, 2:06-CV-505-RBS (E.D. Pa. closed Feb. 14, 2006); *Roy v. State of New York*, 1:06-CV-08-SS (W.D. Tex. closed Jan. 20, 2006); *Roy v. United States*, 1:03-CV-8354-MBM (S.D.N.Y. closed Feb. 23, 2005); *Handicap Interests Int'l v. United States Gov't*, 1:99-CV-3121-TPG (S.D.N.Y. closed Apr. 30, 1999); *Reforms Int'l v. City of New York*, 1:95-CV-7248-RWS (S.D.N.Y. closed Oct. 7, 1995); *Handicap Interests Int'l v. United States*, 1:95-CV-2152-SAS (S.D.N.Y. closed May 24, 1995); *Handicap Interests Int'l v. United States Dep't of the Army*, 1:95-CV-1642-SAS (S.D.N.Y. closed Mar. 23, 1995); *Reforms Int'l v. City of Los Angeles*, 1:94-CV-5204-DLC (S.D.N.Y. closed Nov. 30, 1994); *Reforms Int'l v. Renquist*, 1:94-CV-7198-HB (S.D.N.Y. closed Oct. 20, 1994); *Reforms Int'l v. Bush*, 1:94-CV-5964-PKL-BAL (S.D.N.Y. closed Aug. 26, 1994); *International Siva Consciousness & World Religions v. United States*, 1:92-CV-8188-JFK (S.D.N.Y. closed Aug. 20, 1993); *Geronimo v. City of New York*, 1:91-CV-1703-LBS (S.D.N.Y. closed July 10, 1991); *Roy v. State of New York*, 1:06-CV-00734-RWS (N.D. Ga. filed Mar. 13, 2006); *Jungle Democracy v. State of New York*, 7:06-CV-31-NAM-GJD (N.D.N.Y. filed Jan. 10, 2006); and *Jungle Democracy v. State of New York*, 1:06-CV-207-WS-B (S.D. Ala. filed Apr. 5, 2006).

Case 1:07-cv-00957-SS   Document 4   Filed 11/27/07   Page 4 of 6

acknowledge Plaintiff's status as a presidential candidate, and claims about the "media conglomerate's" treatment of him. The Complaint claims to name 37 plaintiffs and 215 defendants.

After reviewing the Complaint, the court finds that it is frivolous. Even construing the complaint liberally, the court is unable to discern under what theories Plaintiff attempts to proceed. The Complaint does not adequately apprise the defendants of their alleged wrongdoing. Moreover, in the rare case when a sentence is intelligible, the allegations fail to state a cause of action. The pleadings are meaningless and establish neither personal nor subject matter jurisdiction of this Court. The Court is unable to recognize any cognizable claim. Accordingly, the undersigned recommends that the Complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Jungle Democracy v. Bush*, No. 06-CV-505 (E.D. Pa. Feb. 14, 2006), aff'd, No. 06-1911 (3d. Cir. June 2, 2006)(complaint that is irrational and incomprehensible with no cognizable claim or intelligible sentence is dismissed with prejudice).

Moreover, pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Plaintiff Roy's history of meritless litigation is long-lived and ongoing. He continues to file frivolous lawsuits seeking relief on issues already addressed in prior actions. Based on Roy's

continued conduct, the Court concludes the imposition of sanctions is proper in this case to preserve the integrity of this Court's prior order and to protect the efficiency of the institution that is the federal courts. The Fifth Circuit has made clear that a "broad[] injunction, prohibiting any filings in any federal court without leave of that court" may be appropriate. *Id*. As set forth above, Plaintiff continues to litigate matters already subject to final judgment, along with meritless, vague and impossible claims. Thus, a broad injunction, barring him from filing any future actions in the Western District of Texas without leave of court, is appropriate. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

## II. RECOMMENDATION

The Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). IT IS FURTHER RECOMMENDED that Plaintiff is barred from filing any future civil actions in any court in the Western District of Texas without first seeking leave of Court.

## III. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of November, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE